OPINION
Appellant David Bolster appeals the decision of the Stark County Court of Common Pleas that found him to be a "sexual predator" and subject to the registration requirements contained in R.C. Chapter 2950. The following facts give rise to this appeal. In 1985, the Stark County Grand Jury secretly indicted appellant for one count of rape. The rape involved mutual fellatio of a seven-year-old boy that appellant was babysitting. At his arraignment, appellant entered a plea of not guilty. On February 3, 1986, appellant changed his plea and entered a plea of no contest to the charge of rape. The trial court found appellant guilty and sentenced him to imprisonment for seven to twenty-five years. Following the effective date of H.B. No. 180, the Ohio Department of Corrections filed a H.B. No. 180 screening form recommending that appellant be adjudicated a sexual predator. Appellant was transported to the Stark County Jail for purposes of this hearing. On April 20, 1998, counsel for appellant filed several motions seeking dismissal of the proceedings on grounds of unconstitutionality. On April 20, 1998, the trial court overruled appellant's motions and conducted the classification hearing. The trial court filed an entry on April 21, 1998, finding appellant to be a sexual predator. Appellant timely filed a notice of appeal and sets forth the following assignments of error:
I. WHERE THE COURT ALLOWS A DEFENDANT TO BE PUNISHED TWICE FOR THE SAME OFFENSE, THE DEFENDANT'S RIGHTS TO BE FREE FROM DOUBLE JEOPARDY UNDER THE UNITED STATES AND OHIO CONSTITUTIONS HAS BEEN VIOLATED.
II. WHERE THE COURT FAILS TO BAR APPLICATION OF AN UNCONSTITUTIONALLY VAGUE STATUE (SIC) TO A DEFENDANT, THE DEFENDANT'S RIGHT TO DUE PROCESS OF LAW UNDER THE UNITED STATES AND OHIO CONSTITUTIONS HAS BEEN VIOLATED.
III. WHERE A COURT CLASSIFIES A DEFENDANT AS A SEXUAL PREDATOR WITHOUT A SHOWING OF CLEAR AND CONVINCING EVIDENCE, THE DEFENDANT'S RIGHT TO DUE PROCESS UNDER THE UNITED STATES AND OHIO CONSTITUTIONS HAS BEEN VIOLATED.
IV. WHERE THE COURT UTILIZES A STATUTE WHICH VIOLATES THE OHIO CONSTITUTION TO CLASSIFY A DEFENDANT AS A SEXUAL PREDATOR, THE COURT COMMITS ERROR.
V. WHERE THE COURT HOLDS A HEARING LONG BEFORE THE DEFENDANT IS TO BE RELEASED OR APPEAR BEFORE THE PAROLE BOARD, THE DEFENDANT IS PREJUDICED AND THE COURT'S ACTIONS ARE PREMATURE.
 I
Appellant contends, in his First Assignment of Error, that the trial court erred in overruling his motion to dismiss the proceedings pursuant to R.C. Chapter 2950 on grounds of double jeopardy. We disagree. We previously addressed this issue in the cases of State v. McIntyre (Feb. 1, 1999), Stark App. No. 1997CA00366, unreported, at 2-3 and State v. Nosic (Feb. 1, 1999), Stark App. No. 1997CA00248, unreported, at 3. For the reasons stated in these cases, we find R.C. Chapter 2950 does not violate the double jeopardy clauses of the United States and Ohio Constitutions and overrule appellant's First Assignment of Error. Appellant's First Assignment of Error is overruled.
 II
In his Second Assignment of Error, appellant maintains the trial court erred in overruling his motion to dismiss because R.C. Chapter 2950 is unconstitutionally vague. We disagree. This issue was also addressed in the McIntyre and Nosic cases. See McIntyre at 3-5 and Nosic at 3-6. For the reasons stated in these cases, we find R.C. Chapter 2950 is not unconstitutionally vague. Appellant's Second Assignment of Error is overruled.
 III
In his Third Assignment of Error, appellant contends the trial court erred in classifying him a "sexual predator" without a record of clear and convincing evidence to support the finding. We disagree. Appellant's Third Assignment of Error essentially sets forth a manifest weight of the evidence claim. We find this to be the applicable standard of review. See State v. Cook (1998),83 Ohio St.3d 404, 426. Since R.C. Chapter 2950 is remedial in nature and not punitive, we will review this claim under the standard of review contained in C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279. Under this standard of review, we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris at syllabus. The essential factors a trial court is to consider in determining whether a person should be classified a "sexual predator" are contained in R.C.2950.09(B)(2). This statute provides: In making a determination under division (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
(j) Any additional behavioral characteristics that contribute to the offender's conduct.
At the hearing on April 20, 1998, the trial court considered the above factors and made the following findings on the record: The Court finds that at the time the offense was committed, while I don't have the exact age of the victim and the Defendant at the time, the record should reflect that he was an adult. * * *
So he was somewhere in his mid 30's that this incident occurred causes the Court concern. Causes the Court to consider that to be a significant factor. I understand that the Defendant had no prior criminal record regarding these types of offenses or any other type of offense. However, the age of the victim at this time was seven years of age. He was also of the same sex, that the Court finds to be two significant factors. There were not multiple offenders. There is no evidence of alcohol or drugs. The Court will acknowledge that your client did complete certain programs while in the institution. There is no history of mental illness or no allegation of that at the time the offense occurred. And in regards to the nature of the offender's activity with the victim and whether it is part of a demonstrated pattern, the Court finds that there is no evidence on that particular issue. However, it does indicate that the statements by the Prosecutor that force was alleged at the time of the incident occurred, I believe there was some discussion as to him grabbing the young man's hair. Finally, any other additional characteristics that cause the Court concern, and that would be the relationship of this particular individual with the individual who he raped. And the Court finds that as a baby-sitter, family friend, put in a position of trust, that that is a concern and find to be a significant issue. Tr. Sexual Predator Hrng., April 20, 1998, at 9-11. Based on the above factors, the trial court concluded appellant should be classified a "sexual predator." Pursuant to our review of the record, we find there is relevant, competent and credible evidence to support the trial court's conclusion, by clear and convincing evidence, that appellant should be classified a "sexual predator." The trial court's conclusion is not against the manifest weight of the evidence. Appellant's Third Assignment of Error is overruled.
 IV
Appellant maintains, in his Fourth Assignment of Error, that R.C. Chapter 2950 violates Section 1, Article I of the Ohio Constitution. We disagree. This section of the Ohio Constitution provides as follows: All men are, by nature, free and independent, and have certain inalienable rights, among which are those of enjoying and defending life and liberty, acquiring, possessing, and protecting property, and seeking and obtaining happiness and safety.
In support of this assignment of error, appellant cites to the case of State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported. In Williams, the court of appeals held that R.C. Chapter 2950 violates the inalienable rights' provision of the Ohio Constitution. The court of appeals specifically held "* * * that Megan's Law is unconstitutional on its face because it unreasonably interferes with the rights of individuals beyond the necessities of the situation, and because in our opinion the statutory scheme is unduly oppressive * * *" in violation of Section 1, Article I of the Ohio Constitution. Id. at 10-11. The court of appeals further held: The unconstitutional portions of R.C. Chapter 2950 are so connected with the general scope of the whole statute that striking them would fundamentally disrupt the statutory scheme. [Citations omitted.] Therefore, R.C. Chapter 2950 as applied to sexual `predators' is void in its entirety. Id. at 22-23.
In light of the Ohio Supreme Court's decision in the Cook case, which rejected serious constitutional challenges to R.C. Chapter 2950, we decline to find R.C. Chapter 2950 unconstitutional under Section 1, Article 1 of the Ohio Constitution. Other appellate districts have also declined to do so. See State v. Woodburn (March 23, 1999), Columbiana App. No. 98-CO-6, unreported; State v. Stubbs (Feb. 25, 1999), Cuyahoga App. No. 72661, unreported; State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported. Finally, we would note that the Williams decision has no effect, even in its own appellate district, because this matter is currently pending before the Ohio Supreme Court and the Court issued the following order: This cause is pending before the court as a discretionary appeal and claimed appeal as of right. Upon consideration of appellant's motion for stay of court of appeals' judgment,
IT IS ORDERED by the court that the motion for stay be, and hereby is, granted, and the judgment of the court of appeals is stayed both as to this case and as to its application to other sexually oriented offenders being sentenced or released from prison. State v. Williams (1999), 85 Ohio St.3d 1403.
Based on the foregoing, we find R.C. Chapter 2950 does not violate Section 1, Article 1 of the Ohio Constitution. Appellant's Fourth Assignment of Error is overruled.
 V
In his final assignment of error, appellant contends the trial court erred in holding the hearing prior to his parole hearing. We disagree. Appellant argues that by labeling him a "sexual predator" before his parole hearing, the state can use this as another weapon before the parole board to keep him in prison. Appellant further argues the trial court could return him for a hearing during the sixty to ninety day pre-release period following the granting of parole. In the Ohio Supreme Court's recent decision in State v. Brewer (1999), 86 Ohio St.3d 160, paragraphs one and two of the syllabus, the Court held that: 1. A sexual predator hearing conducted pursuant to R.C. 2950.09(C)(2) must take place prior to the offender's release from confinement. 2. A sexual predator hearing pursuant to R.C. 2950.09(C)(2) must be scheduled far enough in advance of the offender's release date to allow officials to satisfy their statutory notification duties under R.C. 2950.03(A)(1).
Pursuant to the Brewer decision, we find the trial court must conduct the sexual predator hearing prior to a defendant's release from prison. As such, we find no err in the trial court conducting the hearing prior to appellant's parole hearing since this hearing must be conducted prior to appellant's release from prison.
Appellant's Fifth Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, P.J. Gwin, J., and Hoffman, J., concur.