## RECONSIDERATION DOCKET

**99–214. Klein v. Dietz.**
Mahoning App. No. 95CA47. Reported at 84 Ohio St.3d 1493, 705 N.E.2d 689. On motion for reconsideration. Motion denied.

## MISCELLANEOUS DISMISSALS

**98–2698. Lucre v. Aid Pest Control, Inc.**
Stark App. No. 98CA00078. This cause is pending before the court as a discretionary appeal. Upon consideration of appellant's application for dismissal,

IT IS ORDERED by the court that the application for dismissal be, and hereby is, granted.

ACCORDINGLY, IT IS FURTHER ORDERED by the court that this cause be, and hereby is, dismissed.

*Tuesday, March 2, 1999*

## MOTION DOCKET

**98–904. State v. Herring.**
Mahoning C.P. No. 96CR339. This cause is an appeal from the judgment of conviction and sentence of death entered by the Court of Common Pleas of Mahoning County on February 23, 1998. On May 7, 1998, appellant filed a notice of appeal and motion for delayed appeal. On June 17, 1998, this court granted appellant's motion for delayed appeal and ordered the transmittal of the record to this court. Following two extensions of time for filing the record, the record was transmitted on September 18, 1998, making appellant's brief due December 17, 1998. On December 10, 1998, appellant filed a stipulated extension of time to January 6, 1999, to file appellant's brief. On December 15, 1998, appellant's counsel, John B. Juhasz and Mary Jane Stephens, filed a "Motion to Withdraw as Counsel to Avoid Ineffective Assistance of Counsel."

Despite the fact that this appeal had been pending in this court for over seven months, and the time for briefing had been running since September, counsel filed the motion to withdraw only twenty-two days before the last day for filing appellant's brief. Upon examination of the motion, the court finds that grounds for withdrawal exist in this case. The court also finds that counsel were dilatory in seeking to withdraw. Counsel should have been aware earlier that their obligations to the appellant could not be met and should have so informed the court in a timely manner. Counsel are hereby advised that similar action in the future may warrant a sanction from the court.

Upon consideration of the motion to withdraw as counsel,

IT IS ORDERED by the court that the motion be, and hereby is, granted.

IT IS FURTHER ORDERED by the court, *sua sponte*, that the Ohio Public Defender be, and hereby is, appointed to represent appellant.

IT IS FURTHER ORDERED by the court, *sua sponte*, that appellant's brief shall be due within ninety days of the date of this entry; appellant's newly appointed counsel is permitted to seek an extension for the filing of appellant's brief in accordance with S.Ct.Prac.R. XIV(3)(B)(2); and the parties shall otherwise proceed in accordance with S.Ct.Prac.R. XIX(5).

DOUGLAS, J., would deny the motion to withdraw but grant an additional sixty days to file brief.

**99–286. State v. Williams.**
Lake App. No. 97–L–191. This cause is pending before the court as a discretionary appeal and claimed appeal of right. Upon consideration of appellant's motion for stay of court of appeals' judgment,

IT IS ORDERED by the court that the motion for stay be, and hereby is, granted, and the judgment of the court of appeals is stayed both as to this case and as to its application to other sexually oriented offenders being sentenced or released from prison.

MOYER, C.J., PFEIFER and COOK, JJ., would grant the stay in this case but would deny as to the request for stay of application of the court of appeals' judgment to other sexually oriented offenders.