JOURNAL ENTRY AND OPINION
Maurice Gregory, defendant-appellant, appeals from the judgment of the Cuyahoga County Court of Common Pleas, Criminal Division, Case No. CR-283264, in which the trial court determined that defendant-appellant was a sexual predator pursuant to R.C. 2950 et seq. subject to all attendant registration requirements. Defendant-appellant assigns eleven errors for this court's review.
For the following reasons, defendant-appellant's appeal is affirmed in part, reversed in part and remanded.
On April 5, 1993, the Cuyahoga County Grand Jury returned a single-count indictment against defendant-appellant alleging rape, in violation of R.C. 2907.02. The indictment alleged further that the victim was under the age of thirteen at the time of the offense. On May 24, 1993, defendant-appellant was arraigned whereupon a plea of not guilty was entered to the indictment.
On July 8, 1993, defendant-appellant withdrew his formerly entered plea of not guilty and entered a plea of guilty to the amended charge of sexual battery with a violence specification. On July 30, 1993, the trial court sentenced defendant-appellant to a two and one-half to ten year term of incarceration in the Lorain Correctional Institution.
On May 12, 1998, defendant-appellant was returned from the institution for the purpose of conducting a sexual predator hearing pursuant to House Bill 180. The hearing was conducted on June 5, 1998.
At the hearing, the state informed the trial court that the victim in the case was approximately twelve years old at the time of the offense. The victim's mother was defendant-appellant's girl friend at the time. The pregnancy was terminated through an abortion at approximately nineteen and one-half weeks arranged by the victim's mother. The state did not present witnesses or any psychiatric evidence. The defense did not present any evidence at the hearing.
At the conclusion of the hearing, the trial court concluded in pertinent part as follows:
 The fact that the defendant has been convicted of sexual battery with violence specifications convinces this Court that he has a likelihood to recommit.
 Therefore, the Court finds: Upon hearing held pursuant to Revised Code Section 2950.09 (B), the defendant is hereby adjudicated to be a sexual predator. A DNA specimen is ordered, and address registration and verification is ordered every 90 days for life, and annually for any remaining applicable period as set forth below after any termination of the defendant's status as a sexual predator.
 The Court further finds that the victim here was under the age of 13.
(T. 8-9.)
On July 7, 1998, defendant-appellant filed a timely notice of appeal from the adjudication of the trial court.
On appeal, defendant-appellant challenges the constitutionality of H.B. 180 through his third, fourth, fifth, sixth, seventh, eighth, ninth and tenth assignments of error, which state as follows:
 III. R.C. § 2950.01 ET SEQ., AS APPLIED TO APPELLANT, VIOLATES ART. 1, SEC. 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION, AND VIOLATES ART. 11. SEC. 28, OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
 IV. APPLICATION OF R.C. § 2950.01 ET SEQ. IN THE CASE AT BAR VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 V. APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANT'S R.C. § 2950.09 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 VI. R.C. § 2950.01 ET SEQ. IS VOID FOR VAGUENESS SINCE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
 VII. R.C. § 2950.01 ET SEQ. IS AN UNCONSTITUTIONAL BILL OF ATTAINDER UNDER ARTICLE 1, SECTION 9, OF THE UNITED STATES CONSTITUTION THEREBY VIOLATING APPELLANT'S RIGHTS.
 VIII. R.C. § 2950.01 ET SEQ., AS APPLIED TO APPELLANT, CONSTITUTES DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ART. 1, SEC. 10 OF THE OHIO CONSTITUTION.
 IX. THE PUBLIC NOTIFICATION PROVISIONS OF R.C. § 2950.01 ET SEQ., AS APPLIED TO APPELLANT, VIOLATE APPELLANT'S CONSTITUTIONAL RIGHT TO PRIVACY.
 X. R.C. § 2950.01 ET SEQ., WITH ITS LEGISLATIVE STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. 1, SEC. 9 OF THE OHIO CONSTITUTION.
Defendant-appellant argues, through his third, fourth, fifth, sixth, seventh, eighth, ninth and tenth assignments of error that R.C. 2950.01 et seq. is unconstitutional in both its scope and application. Specifically, defendant-appellant maintains that H.B. 180 amounts to an ex post facto law and constitutes retroactive legislation, the clear and convincing evidence standard set forth in the statute violates the equal protection and due process clauses of the United States Constitution, the legislation is unconstitutionally vague, constitutes an unconstitutional bill of attainder, constitutes double jeopardy, violates defendant-appellant's constitutional right to privacy and that the public notification requirements of the statute amount to cruel and unusual punishment. It is defendant-appellant's position that, in light of the perceived constitutional violations inherent in the legislation, this court must conclude that the statute itself is unconstitutional and reverse the trial court's sexual predator determination.
In the case herein, after a thorough review of the record as well as the briefs of counsel, it is apparent that defendant-appellant assigned errors challenging the constitutionality of R.C. 2950.01 et seq. are without merit in light of the recent Ohio Supreme Court decision in State v. Cook
(1998), 83 Ohio St.3d 404, as well as this court's interpretation of the Cook decision in State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported. In the above cited cases it was determined that the notification, registration and verification provisions contained within R.C. 2950 are remedial in nature rather than punitive and therefore R.C. 2950.01 et seq. is constitutional in scope as well as application. See State v.Jefferson (Feb. 18, 1999), Cuyahoga App. No. 72400, unreported.[1]
Accordingly, defendant-appellant's third, fourth, fifth, sixth, seventh, eighth, ninth and tenth assignments of error are not well taken.
Defendant-appellant's first assignment of error states:
 I. THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED APPELLANT'S DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION, WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF R.C. § 2950.01 ET SEQ. WHICH INCLUDE "WITNESSES," "EVIDENCE," AND THE "RIGHT TO CROSS-EXAMINE" THE EVIDENCE AGAINST APPELLANT.
Defendant-appellant argues, through his first assignment of error, that the trial court violated his constitutional right to due process by conducting the sexual predator hearing without properly adhering to the procedural requirements of R.C. 2950.09
which provides in pertinent part:
 At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator. The offender shall have the right to be represented by counsel and, if indigent, the right to have counsel appointed to represent the offender.
At the hearing, the state presented the underlying facts of defendant-appellant's conviction. Defendant-appellant was then given the opportunity to testify at the hearing regarding the underlying offense as well as the state's presentation of the case. Clearly, the procedural requirements of R.C. 2950.09 (B) were satisfied in that both the state as well as defendant-appellant were afforded the opportunity to present their respective positions and defendant-appellant was represented by counsel at the time of the hearing.
Defendant-appellant's first assignment of error is not well taken.
Defendant-appellant's second assignment of error states:
 II. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
Defendant-appellant argues, through his second assignment of error, that the evidence presented at the sexual predator hearing was insufficient to establish by clear and convincing evidence that he is a sexual predator. R.C. 2950.01 (E) defines sexual predator as "a person who has been convicted of or pled guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."
In making the determination that a defendant is a sexual predator, the trial court must consider all relevant factors, including, but not limited to the factors set forth in R.C.2950.09 (B) (2):
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09 (B) (2) does not require that each factor be satisfied in order to make a determination that a defendant is a sexual predator. The statute simply requires that the trial court consider all factors which are relevant to its determination. SeeState v. Tracy (May 20, 1998), Summit App. No. 18623, unreported.
The clear and convincing evidence standard is the measure or degree of proof which is more than a preponderance of the evidence, but not to the extent of such certainty as is required for proof beyond a reasonable doubt as in all other criminal matters. State v. Scheibel (1990), 55 Ohio St.3d 71, 74. Clear and convincing evidence is the degree of proof which produces in the mind of the trier of fact a firm belief as to the facts sought to be established. In reviewing a trial court's determination based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence was presented to satisfy the requisite degree of proof. Id. at 74; State v. Patterson (Feb. 11, 1999), Cuyahoga App. No. 72448, unreported.
In the case sub judice, although the trial court was presented with evidence to support the first prong of the definition of a sexual predator pursuant to R.C. 2950.01 (E), the state failed to provide any evidence beyond the bare facts of defendant-appellant's conviction to satisfy the second prong of the determination regarding the likelihood of future offenses. As this court held in Ward, supra:
 Simply committing a single sexually oriented offense is not proof, without evidence or compelling facts, that the offender is "likely to engage in the future in one or more sexually oriented offenses." Had the legislature intended the result argued by the state, it would have done away with the hearing and weighing of evidence and simply classified any person committing a sexually oriented offense as a sexual predator.
 In this case, the only evidence demonstrating that defendant was "likely to engage in the future in one or more sexually oriented offenses" consists solely of proof of defendant's conviction on the felonious sexual penetration charge, the age of the victim, and the threat of force both in committing the offense and ensuring the victim's silence after the offense. All this evidence shows is that defendant committed a sexually oriented offense — it does not show by clear and convincing evidence that defendant is more likely than not predisposed to commit another sexually oriented offense.
As in Ward, the state in this instance failed to present sufficient evidence to support the determination that defendant-appellant "is likely to engage in the future in one or more sexually oriented offenses," as required by R.C. 2950.01 (E) and R.C. 2950.09 (C). State v. Patterson (Feb. 11, 1999), Cuyahoga App. No. 72448, unreported. Standing alone, the sexual battery conviction is insufficient to support the sexual predator determination. This is particulary true in light of the fact that the conviction was based primarily upon a plea of guilty where no testimony was offered or evidence submitted regarding the facts of the underlying offense. State v. Artino (May 6, 1999), Cuyahoga App. No. 74054, unreported.
Accordingly, defendant-appellant's second assignment of error is well taken.
Defendant-appellant's eleventh and final assignment of error states:
 XI. THE TRIAL COURT ERRED IN IMPOSING REGISTRATION REQUIREMENTS UPON APPELLANT, SINCE APPELLANT WAS SENTENCED PRIOR TO THE EFFECTIVE DATE OF O.R.C. § 2950.04, WHICH PROVIDES FOR THE MANNER OF OFFENDER REGISTRATION.
Defendant-appellant argues, through his eleventh and final assignment of error, that the trial court improperly imposed registration requirements upon him. Specifically, defendant-appellant maintains that, since he was initially sentenced prior to the effective date of R.C. 2950.01 et seq., the trial court was precluded from compelling defendant-appellant to register as a sexual predator. See State v. Hooks (Dec. 18, 1997), Cuyahoga App. No. 72780, unreported.
R.C. 2950.09 (C) (1) specifically applies to the class of offenders who: 1) entered a plea of guilty to a sexually oriented offense prior to July 1, 1997, the effective date of that section of the statute; 2) were sentenced for the offense prior to the effective date of the statute; and 3) are still serving a term of imprisonment in a state correctional facility on or after the effective date of the statute. See State v. Striley (Dec. 29, 1997), Claremont App. No. CA97-05-046, unreported.
In the case herein, defendant-appellant entered a plea of guilty to the sexually oriented offense of sexual battery and was sentenced on that sexually oriented offense on July 3, 1993 and July 30, 1993, respectively, prior to the effective date of the statute. Defendant-appellant was still incarcerated on that offense as of July 1, 1997, the effective date of the statute, and remained incarcerated until such time as the sexual predator hearing was conducted by the trial court. Clearly, defendant-appellant falls into that classification of sexual offenders contemplated by R.C. 2950.09 (C) (1) and the trial court did not err by conducting the sexual predator hearing in order to determine whether defendant-appellant should be adjudicated a sexual predator. State v. Stanifer (May 11, 1998), Butler App. No. CA97-11-206, unreported.
Defendant-appellant's reliance upon this court's opinion inState v. Hooks, supra, is misplaced. A review of the Hooks
decision demonstrates that it applies only in cases where an offense was committed prior to January 1, 1997, but the offender was sentenced between January 1, 1997 and July 1, 1997. Since defendant-appellant committed the sexually oriented offense, entered a plea of guilty and was sentenced prior to the effective date of the statute, Hooks is not applicable to the case at bar. See State v. Blair (May 27, 1999), Cuyahoga App. No. 73975, unreported.
Defendant-appellant's eleventh and final assignment of error is not well taken.
Judgment of the trial court is affirmed in part, reversed in part and remanded for further proceedings consistent with this court's opinion.
This cause is affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.
Costs to be divided equally between plaintiff-appellee and defendant-appellant.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules
DYKE. P.J.. and SWEENEY. JAMES D., J., CONCUR.
 ___________________________________ MICHAEL J. CORRIGAN JUDGE
[1] Defendant-appellant has filed a notice of additional authority in which State v. Williams (Feb. 2, 1999), Lake No. 97-L-191, unreported, is cited. As Williams has been stayed by the Ohio Supreme Court, see State v. Williams (1999),85 Ohio St.3d 1403, this court need not consider defendant-appellant's notice of additional authority as it currently has no precedential value.