OPINION
The following appeal arises from the decision of the Carroll County Court of Common Pleas wherein Donald Burkey ("appellant") was adjudicated a sexual predator. For the reasons set forth below, the decision of the trial court is affirmed.
 I. FACTS
On April 4, 1995 appellant was indicted on four counts of rape involving a twelve year old boy in violation of R.C. 2907.02 (A) (1) (b), an aggravated felony of the first degree. Appellant would subsequently enter a plea of no contest to count one of the indictment while the state nolle prosequied the remaining three counts. As a result of the plea, the trial court sentenced appellant to a five to twenty-five year term of incarceration. The record does not reflect that said decision was ever challenged on appeal.
While appellant continued to serve out his sentence on the rape conviction, the Ohio Department of Rehabilitation and Correction forwarded a sexual predator screening instrument to the Carroll County Court of Common Pleas suggesting that appellant be adjudicated a sexual predator. In light of this recommendation, the state filed a motion on March 3, 1999 requesting that a sexual predator determination hearing be held regarding appellant. The trial court approved this request and set the matter for hearing on April 6, 1999.
During the course of the hearing the state offered testimony from the Chief Deputy Sheriff of Carroll County who was responsible for investigating the matter involving the rape of the twelve year old boy. Through this testimony it was discovered that appellant, who was a friend of the victim's family, had engaged in a variety of sexual conduct with the victim on a number of occasions during the summer and fall months of 1994. Said conduct resulted in the aforementioned conviction. It was additionally discovered that during approximately the same period of time appellant was brought up on charges in Stark County relating to sexual contact with a number of other minor children. At the conclusion of testimony, the state offered into evidence the initial investigation report surrounding the rape charges, appellant's voluntary statement, and a certified copy of the convictions in Stark County Common Pleas Court. The state's witness was not cross-examined by appellant and no evidence or testimony was presented on his behalf. The court deemed the matter submitted and took it under advisement.
In its April 6, 1999 judgment entry, the trial court determined that it had been presented with clear and convincing evidence of appellant's likelihood to reoffend. Based upon this finding, the trial court adjudicated appellant a sexual predator. A timely notice of appeal was filed on May 6, 1999 in which appellant alleged five assignments of error. In that assignments of error numbers one, two, three and five all deal with constitutional issues previously addressed by this court, these assignments will be dealt with prior to disposing of appellant's fourth assignment.
 II. ASSIGNMENT OF ERROR NUMBER ONE
Appellant's first assignment of error reads:
 "THE TRIAL COURT ERRED AND COMMITTED PLAIN ERROR IN ADJUDICATING THE APPELLANT AS A SEXUAL PREDATOR PURSUANT TO REVISED CODE SECTION 2950 ET SEQ., FOR THE REASON THAT NO STANDARD IS ESTABLISHED FOR APPLYING THE FACTORS IN R.C. 2950.09 (D) (2) (sic), THEREBY RENDERING THE LAW VAGUE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT OF THE U.S. CONSTITUTION."
Appellant's first constitutional attack upon R.C. Chapter 2950 alleges that the statute is unconstitutionally vague as it does not provide a standard to guide trial courts in the application of the factors itemized under R.C. 2950.09 (B) (2). However, this court has previously ruled upon the issue of vagueness in our decision in State v. Woodburn (Mar. 23, 1999), Columbiana App. No. 98 CO 6, unreported. In Woodburn we held that the statute does set forth numerous factors which a trial court must consider in its classification of a defendant. Id. at 10. Moreover, we determined that "[s]aid factors clearly provide guidance and minimum standards which must be followed by the trial court during its proceedings." Id. As such it has been held that a constitutional challenge of vagueness must fail.
Additional support is gained for this position by analyzing recent decisions issued by both the Third and First District Courts of Appeals. In State v. Avery (1998), 126 Ohio App.3d 36, the Third District similarly overruled a constitutional attack of R.C. Chapter 2950 on vagueness grounds. In its decision, the court acknowledged the fact that scientific precision is not required of statutory wording. Id. at 54 citing Perez v.Cleveland (1997), 78 Ohio St.3d 376, 378. Furthermore, in light of the fact that each sexual predator determination is fact specific, the legislature had to provide a statutory framework which permitted courts some discretion in applying the factors to each individual case. Id. In that the discretion afforded courts is not viewed as unbridled, the court concluded that a vagueness challenge could not succeed. Id. The First District made a comparable decision when it held that "the factors set forth in R.C. 2950.09 (B) are not facially vague and do not permit a `standardless sweep' allowing a court to pursue its own `personal predilections'." State v. Lee (1998), 128 Ohio App.3d 710, 716.
Based upon this authority, appellant's first assignment of error lacks merit.
 III. ASSIGNMENT. OF ERROR NUMBER TWO
Appellant's second assignment of error reads:
 "THE TRIAL COURT ERRED IN FINDING APPELLANT A SEXUAL PREDATOR FOR THE REASON THAT REVISED CODE 2950, AMENDED BY HOUSE BILL 180 IS AN UNCONSTITUTIONAL EX POST FACTO LAW IN THAT APPELLANT'S CRIMES WERE COMMITTED PRIOR TO THE AMENDMENT OF TITLE 2950."
Under this assignment of error, appellant acknowledges the fact that the Ohio Supreme Court previously held "R.C. 2950.09 (B) (1), as applied to conduct prior to the effective date of the statute, does not violate the Ex Post Facto Clause of Section 10, Article I of the U.S. Constitution." State v. Cook (1998),83 Ohio St.3d 404, paragraph two of the syllabus. However, appellant insists that he will suffer "penalties" which had not been considered by the court in Cook. Appellant contends that he suffers a penalty not contemplated at the time of sentencing in that he now has a lifetime registration requirement. Additionally, appellant asserts that once adjudicated a sexual predator his chances of obtaining parole will be dramatically reduced.
The simple fact of the matter however is that both the Ohio Supreme Court, as well as this court, have concluded that R.C. Chapter 2950 does not violate the Ex Post Facto Clause of the U.S. Constitution. See Cook; Woodburn; State v. Goodballet (Mar. 30, 1999), Columbiana App. No. 98 CO 15, unreported; and State v.Clay (June 1, 1999), Columbiana App. No. 97 CO 58, unreported. It has clearly been held that R.C. Chapter 2950 is remedial in nature and does not have a punitive effect. Id. Furthermore, appellant's contention that a sexual predator determination will lessen the likelihood of parole is speculative at best. Neither appellant nor this court is in any position to assume what a parole board will do when presented with appellant's case. Moreover, it cannot be held that appellant suffers a penalty if he is denied parole as such is not an entitlement. Therefore, appellant's second assignment of error is also overruled.
 IV. ASSIGNMENT OF ERROR NUMBER THREE
Appellant's third assignment of error reads:
 "THE TRIAL COURT COMMITTED PLAIN ERROR IN NOT STRIKING DOWN AN UNCONSTITUTIONAL REVISED CODE TITLE 2950 AS AMENDED BY HOUSE BILL 180 IN THAT, FINDING THE APPELLANT TO BE A SEXUAL PREDATOR VIOLATED HIS CONSTITUTIONAL RIGHTS AS GUARANTEED BY ARTICLE I, SECTION 1 OF THE OHIO CONSTITUTION."
Appellant next relies upon State v. Williams (Jan. 29, 1999), Lake App. No. 97 L 191, unreported for the proposition that R.C. Chapter 2950 is unconstitutional on the grounds that it violates Article I, Section 1 of the Ohio Constitution which states:
 "All men are, by nature, free and independent, and have certain inalienable rights, among which are those of enjoying and defending life and liberty, acquiring, possessing, and protecting property, and seeking and obtaining happiness and safety."
In relying upon the Eleventh District's case, appellant argues that R.C. Chapter 2950 infringes upon his rights as guaranteed by Article I, Section 1 of the Ohio Constitution to such a degree as to render the statute unconstitutional.
This position must also fail for a number of reasons. This court has previously announced in Woodburn, supra that we respectfully disagree with the opinion espoused in Williams as the statute is not believed to interfere with the rights of individuals nor is it unduly oppressive. Woodburn at 11. The Eleventh District's opinion was similarly rejected by the Twelfth District Court of Appeals in State v. Baker (Aug. 23, 1999), Clermont App. No. CA98 11 108, unreported. In that decision the court held that "the statute bears a real and substantial relation to the public: health, safety, morals, and general welfare, and that the statute is neither unreasonable nor arbitrary." Id. at 17.
Finally, even if this court were to agree with the reasoning set forth in Williams, we would be precluded from relying upon it based upon statements made by the Ohio Supreme Court in its "Motion Tables." Upon accepting a discretionary appeal from the decision in Williams, supra the Ohio Supreme Court granted a motion for stay as related to the Eleventh District Court of Appeals' decision. In granting this motion, the court specifically stated that "the judgment of the court of appeals is stayed both as to this case and as to its application to other sexually oriented offenders * * *." State v. Williams (1999),85 Ohio St.3d 1403. Therefore, the reasoning as set forth by the Eleventh District cannot be applied to the case at bar.
Appellant's third assignment of error is overruled.
 V. ASSIGNMENT OF ERROR NUMBER FIVE
Appellant's fifth assignment of error reads:
 "THE TRIAL COURT ERRED IN FINDING THE APPELLANT A SEXUAL PREDATOR FOR THE REASON THAT AMENDED TITLE 2950, AS AMENDED PUNISHES THE APPELLANT A SECOND TIME FOR THE COMMISSION OF THE CRIME, IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSE OF THE UNITED STATES CONSTITUTION (FIFTH AND FOURTEENTH AMENDMENTS)."
In appellant's final constitutional attack upon R.C. Chapter 2950, appellant asserts that by adjudicating him a sexual predator and requiring him to register for the rest of his life the courts have essentially levied a second punishment over and above the original sentence imposed. While appellant acknowledges that the Ohio Supreme Court held in Cook, supra that the registration requirements and labeling do not constitute a separate punishment, appellant still feels compelled to make the unsupported allegation that such requirements can in fact be equated to a second punishment.
As with appellant's prior constitutional challenges, this court has previously overruled identical arguments in Woodburn,Goodballet and Clay, supra. Specifically, in Woodburn this court provided a detailed analysis of the statute in light of the concept of Double Jeopardy and the Ohio Supreme Court's decision in Cook. Having previously determined that R.C. Chapter 2950 serves solely remedial rather than punitive purposes, this court is unwilling to revisit the issue and alter its prior decision.
Appellant's fifth assignment of error is held to lack merit.
 VI. ASSIGNMENT OF ERROR NUMBER FOUR
Appellant's fourth assignment of error reads:
 "THE TRIAL COURT ERRED THEREBY PREJUDICING THE APPELLANT IN FINDING THAT THE STATE HAD PROVEN BY CLEAR AND CONVINCING EVIDENCE THAT HE WAS A SEXUAL PREDATOR PURSUANT TO REVISED CODE 2950."
In appellant's final assignment of error, it is alleged that insufficient evidence was provided to the trial court to support a conclusion that appellant is a sexual predator. It is appellant's position that little more was proven to the trial court than the fact that appellant had been convicted of more than one sexually oriented offense involving a minor child. Such evidence is viewed as falling well short of the clear and convincing evidence standard of proof required by R.C. Chapter 2950. Appellant further contends that if this decision is permitted to stand, we would essentially be permitting trial courts to automatically label as sexual predators all offenders who committed sexually oriented offenses against juveniles. In that the legislature did not anticipate this type of cursory adjudication, appellant argues that the decision of the trial court must be reversed.
 A. APPLICABLE LAW
R.C. 2950.09 provides that a person who is convicted of or pleads guilty to a sexually oriented offense may be classified as a sexual predator in accordance with, division (B) or (C) of said section. A sexual predator is defined pursuant to R.C. 2950.01
(E) as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." In order to properly adjudicate a defendant as a sexual predator, a trial court must follow certain statutorily prescribed procedures. R.C.2950.09 (B) (1) and (C) (2) provide that any potential candidate for sexual predator adjudication be afforded notice and a hearing on the matter and be provided the opportunity to testify, present evidence, call witnesses and cross-examine opposing witnesses. The trial court is required to review the evidence presented to it and consider all relevant factors as related to the defendant's sexual predator status including but not limited to those factors set forth in R.C. 2950.09 (B) (2) as follows:
"(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct."
After the trial court has received the evidence and testimony at the hearing and has reviewed and considered the factors specified in R.C. 2950.09 (B) (2), it must determine whether it has been presented with clear and convincing evidence that the offender does in fact qualify as a sexual predator. R.C. 2950.09
(C) (2). Specifically, the court must decide whether, based upon the evidence and testimony presented, the offender is likely to engage in one or more sexually oriented offenses in the future. Clear and convincing evidence has been defined as that measure of proof which is more than a mere preponderance of the evidence but less than the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which would provide in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Cincinnati Bar Assn. v.Massengale (1991), 58 Ohio St.3d 121, 122.
"Where the proof required must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." In re Mental Illness of Thomas
(1996), 108 Ohio App.3d 697, 700 quoting State v. Schiebel
(1990), 55 Ohio St.3d 71, 74. In reviewing the record however, an appellate court must avoid substituting its judgment for that of the trial court where there exists competent, credible evidence supporting the trial court's determination. Id.
 B. ANALYSIS
In the case at bar, appellant argues that the trial court improperly adjudicated him a sexual predator on the sole basis that he had committed sexually oriented offenses against juveniles. However, a review of the record, and in particular the trial court's April 6, 1999 judgment entry, reveals that ample support was provided in order to conclude by clear and convincing evidence that appellant was in fact a sexual predator.
In its entry the trial court begins by noting that a conviction for rape in violation of R.C. 2907.02 (A) (1) (b) constitutes a "sexually oriented offense" as provided for in R.C. 2950.01 (D) (1). As such, the trial court could properly continue with its sexual predator determination pursuant to R.C. 2950.09. In proceeding through the judgment entry, it is apparent that the trial court next carefully considered and delineated the factors set forth under R.C. 2950.09 (B) (2). At the time the rape offense was committed, the trial court noted that appellant was 63 years old while his victim was only 12 years of age. In addressing this over half century disparity in age, the trial court specifically addressed the factors set forth in R.C.2950.09 (B) (2) (a) and (c)
The trial court then turns to a brief discussion of all relevant offenses as provided in R.C. 2950.09 (B) (2) (b). It was observed that appellant had been convicted in the Carroll County Court of Common Pleas of one count of rape involving a twelve year old boy. While three other counts of rape were nolleprosequied by the state, appellant's period of involvement with the victim occurred between August 20, 1994 and February 17, 1995. Additionally, the trial court found that appellant had pleaded guilty to three counts of gross sexual imposition in April of 1995 in the Stark County Court of Common Pleas. Due to the fact that these offenses concerned juveniles other than the victim involved in the rape conviction, the trial court noted that the factor set forth under R.C. 2950.09 (B) (2) (d) had also been satisfied. In viewing all relevant convictions in concert, it was held that appellant had been convicted of a total of four "extremely serious sexually oriented felonies" all of which involved minors.
The judgment entry further indicates that no evidence was presented to substantiate that appellant ever participated in a program for the treatment of adult sex offenders. The absence of such proof is relevant as it pertains to R.C. 2950.09 (B) (2) (f) While not specifically referenced by the trial court, it certainly could be argued that factor (h) also had been established as appellant's behavior comports with a finding that he engaged in a pattern of abuse. The court's entry reflects that appellant committed multiple offenses against a number of victims which arguably is consistent with the existence of a pattern of abusive, sexual activity. An additional determination which is deemed relevant to the court's inquiry was made when the court opined that appellant's criminal history strongly suggested that appellant was a pedophile and thus was likely to reoffend. The court concluded its analysis of the statutory factors by noting that evidence had not been presented to substantiate R.C. 2950.09
(B) (2) (g) and (j)
A review of the evidence relied upon by the trial court provides further support for the adjudication of appellant as a sexual predator. Particularly enlightening is the investigation report and voluntary statement as compiled by the Carroll County Sheriff's Department. According to the Chief Deputy Sheriff's report, appellant was a friend of the rape victim's father and had developed a sense of rapport and trust with the family. Appellant initially became friends with the victim and invited him to his trailer during the summer months of 1994. The two would play cards together and appellant would permit the victim to smoke although such was prohibited by the victim's parents. Soon appellant began to give the victim money. Eventually the victim began to spend occasional nights in appellant's trailer where the two would sleep together while naked. This activity progressed to the point where the two would take showers together and appellant would "wash down" the victim. This series of events culminated in multiple acts of both oral and anal sex. During the course of appellant's interview with authorities, he made the statement that he liked little boys because he had been rejected by so many women in the past.
The Sheriff's report also provided insight into the activities which lead to the three convictions for gross sexual imposition in Stark County as it contained materials accumulated by the Stark County Sheriff's Department. Included in these materials was a voluntary statement made by appellant indicating that he had fondled an eleven year old boy on multiple occasions. A statement made by the victim established that one such episode lasted approximately two hours during which time the two were watching a movie.
As a result of the trial court's extensive analysis in conjunction with the state's presentation at the sexual predator determination hearing, it cannot be held that the trial court erred in its decision. Clear and convincing evidence was provided to, and was relied upon, by the trial court in reaching its determination that appellant was likely to commit additional sexually oriented offenses in the future. The trial court unequivocally stated in its entry that it had "reviewed the original trial materials from 1995; the victim statements; the hearing exhibits; and arguments of counsel in conjunction with the factors set forth in R.C. 2950.09 (B) (2) and all other `relevant factors'." A review of the trial court's judgment entry, as well as the record, reveals that the court did in fact consider the statutory factors and found that the evidence before it established the existence of a majority of the factors.
The case at bar simply does not present this court with a situation where the trial court merely relied upon the conviction itself in isolation. A plethora of material was before the court for its review in reaching its ultimate decision. Said evidence was uncontradicted by appellant as he chose not to present any evidence in an attempt to combat the state's position. The state clearly established a pattern of activity by appellant against multiple juvenile victims which the court held to be indicative of further sexually oriented offenses. Due to the existence of such overwhelming evidence, this court is not permitted to substitute its judgment for that of the trial court. Schiebel,supra.
For the foregoing reasons, the decision of the trial court is affirmed.
Cox, P.J., concurs.
Donofrio, J., concurs.
APPROVED:
 _____________________________ JOSEPH J. VUKOVICH, JUDGE