JOURNAL ENTRY AND OPINION
Appellant, Antonio Owens, is appealing his sentence for attempted rape, and is appealing the finding that he is a sexual predator. For the following reasons, we affirm the decision of the trial court as modified by this court.
Appellant was charged with the rape of a nurse, Cynthia Alexander, while appellant was a mental patient at the North Coast Behavioral Center. Appellant was originally found incompetent to stand trial, and then was found competent to stand trial. He pled guilty to attempted rape. At the plea hearing, the trial judge stated that a determination of what notification law applied would be made at the sentencing hearing.
At the sentencing hearing, the victim testified that appellant sexually harassed and intimidated other patients. Appellant possibly committed at least one rape while he was a patient at NorthCoast Behavioral Care Systems. Because of the attack and attempted rape, the victim required psychiatric treatment and medication. Ms. Alexander has suffered from an inability to work, nightmares and mood swings.
Appellant's attorney stated that the pre-sentence report was accurate. The pre-sentence report stated: Appellant has a bi-polar disorder and was prescribed a variety of medication. Appellant reportedly grabbed Ms. Alexander from behind and pulled down her pants. He put his mouth on her vagina. Defendant maintains his innocence. He states that the victim was wearing a jumpsuit, so it would have been impossible to pull down her pants.
Appellant had numerous prior convictions including aggravated burglary, grand theft, and breaking and entering. He has previously been processed as a parole violator.
The competency report of Dr. Resnick stated that appellant was frequently hospitalized for his mental condition. Upon release, he would stop taking his medication, and take illegal drugs. During his hospitalization in the Spring of 1997 he touched female patients. He required seclusion and application of restraints because of his intrusive and sexually inappropriate behavior.
The sanity report of Dr. Resnick states that, in a taped interview with the police, appellant admitted grabbing the victim from behind and trying to touch her vagina. Another nurse reported that appellant had pulled the victim's pants down and his face was pressed against her genital area. Appellant admitted attempting to pull the victim's pants down. Appellant suffered from hypermania, which resulted in sexual disinhibition. It was found that appellant was sane at the time of the incident.
The judge reviewed the psychiatric reports and the presentence report. The trial judge found that appellant committed the worst form of the offense, and that he possessed a greater likelihood of committing future crimes. He sentenced appellant to the maximum sentence of eight years, and also found that appellant was a sexual predator.
 I.
Appellant's first assignment of error states:
 THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
The conclusion that an offender is a sexual predator must be supported by clear and convincing evidence. R.C. 2950.09 (B) (3), See State v. Cook (1998), 83 Ohio St.3d 404, 408.
 "Sexual predator" means a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
R.C. 2950.01 (E).
The court considered the following relevant factors in making its determination: Appellant's prior criminal history (R.C.2950.09 (B) (2) (b), (f)); the appellant's mental illness (R.C.2950.09 (B) (2) (g)); the nature of the sexual conduct (R.C.2950.09 (B) (2) (h); and any additional behavioral characteristics that contribute to the offender's conduct (R.C. 2950.09 (B) (2) (j)). The trial court could find that, based on appellant's history of sexually inappropriate conduct and harassing of other patients, appellant's mental illness and the nature of appellant's acts that he was likely to commit another sexually oriented offense in the future. The finding that appellant was a sexual predator was supported by clear and convincing evidence.
Accordingly, this assignment of error is overruled.
 II.
Appellant's second assignment of error states:
 THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED APPELLANT'S DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES CONSTITUTION, WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF H.B. 180 WHICH INCLUDE "WITNESSES," "EVIDENCE," AND THE "RIGHT TO CROSS-EXAMINE" THE EVIDENCE AGAINST THE APPELLANT.
The court is required to give the offender notice of the date, time, and location of the sexual predator determination hearing. R.C. 2950.09 (B) (1). The determination hearing may take place at the sentencing hearing. R.C. 2950.09 (B) (1).
At the close of the plea hearing, the judge stated that the sexual predator determination hearing would take place at the sentencing hearing. At the beginning of the sentencing hearing, the judge stated that the sexual predator determination would be made. Appellant never objected, or attempted to offer any testimony on the sexual predator issue.
By failing to object to the lack of notice of the hearing, appellant waived all but plain error. See State v. Underwood
(1983), 3 Ohio St.3d 12. Plain error does not occur unless, but for the error, the outcome clearly would have been otherwise.State v. Underwood, supra, State v. Long (1978), 53 Ohio St.2d 91. We can not find that plain error occurred here, when the court informed the parties at the plea hearing that the sexual predator hearing would occur at the sentencing hearing. Appellant had adequate notice of the hearing. He had every opportunity to present evidences and witnesses, but chose not to do so.
Accordingly, this assignment of error is overruled.
 III.
Appellant's third assignment of error states:
 THE TRIAL COURT ERRED WHEN IT CLASSIFIED THE APPELLANT AS A "SEXUAL PREDATOR" BECAUSE THE LABEL IS UNREASONABLE OR ARBITRARY IN VIOLATION OF SECTION 1 AND 2 OF ARTICLE I OF THE OHIO CONSTITUTION.
Appellant is basing this argument on the holding of State v.Williams (Feb. 2, 1999), Lake App. No. 97-L-191, unreported.Williams has been stayed by the Ohio Supreme Court, see State v.Williams (1999), 85 Ohio St.3d 1403, this court need not consider Williams. See State V. Gregory (Sept. 30, 1999), Cuyahoga App. No. 74859, unreported.
Accordingly, this assignment of error is overruled.
 IV.
Appellant's fourth assignment of error states:
 THE TRIAL COURT ERRED WHEN IT DEFINED THE APPELLANT AS BOTH A "SEXUAL PREDATOR" AND AS "A SEXUALLY ORIENTED OFFENDER" IN VIOLATION OF R.C. 2950.01 ET. SEQ.
The trial court technically did not err in finding that appellant was a sexually oriented offender. The determination that someone is a sexually oriented offender is automatic upon conviction of certain offenses, and does not require a finding by the court. See State v. Erwin (Sep. 2, 1999), Licking App. No. 99| CA-54, unreported; State v. O'Neil (Aug. 4, 1999), Lorain App. No. 97CA006982, unreported. It was error for the trial court to state in its journal entry that appellant would be subject to the reporting and other requirements for a sexually oriented offender, as well as the requirements for a sexual predator. Appellant should not be required to report every ninety days from the registration date as a sexual predator, as well as annually from the anniversary date as a sexually oriented offender. See generally R.C. 2950.06. The trial court should determine what set of requirements the defendant must follow as either a sexually oriented offender, habitual sexual offender or sexual predator. See State v. Cook (1998), 83 Ohio St.3d 404. To avoid confusion, the best practice would be to classify the defendant as only one of the three categories.
The trial court's journal entry should be modified to delete the language,
 "THE COURT DETERMINES THAT THE DEFENDANT WAS CONVICTED OF A SEXUALLY ORIENTED OFFENSE AS DEFINED IN R.C. 2950.01
AND IS THEREFORE CLASSIFIED AS A SEXUALLY ORIENTED OFFENDER. ADDRESS REGISTRATION AND VERIFICATION ID ORDERED ANNUALLY FOR TEN YEARS."
Accordingly, this assignment of error is sustained.
 V.
Appellant's fifth assignment of error states:
 THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM SENTENCE PURSUANT TO R.C. § 2929.14 (C) WHERE FACTS WERE NOT PLACED UPON THE RECORD SUPPORTING THE TRIAL COURT'S FINDING THAT THE APPELLANT COMMITTED THE WORST FORM OF THE OFFENSE AND THAT THE APPELLANT POSED THE GREATEST LIKELIHOOD OF COMMITTING FUTURE CRIMES IN VIOLATION OF R.C. §§ 2929.19 (B) (2) (d), 2929.14 (C) AND 2929.12 (B).
In this case, the maximum prison sentence could only be imposed if appellant was among the offenders who committed the worst forms of the offense, or who posed the greatest likelihood for committing future crimes. R.C. 2929.14 (C). When the trial court imposes the maximum prison term, it shall state on the record the reasons for imposing the maximum sentence. R.C. 2929.19 (B).
The trial judge stated that it was a shame appellant attacked someone whose job it was to help him. He found that the offense was violent, and that it was the worst form of the offense. The court also found appellant presented a greater likelihood of committing future crimes. The court felt appellant should be kept out of society and that he should receive treatment for his mental illness.
The trial court made sufficient findings on the record to support the maximum sentence and express its reasons for the sentence. See State v. Boss (Sept. 15, 1997), Clermont App. No. CA96-12-107, unreported; State v. Stribling (Dec. 10. 1998), Cuyahoga App. No. 74715, unreported.
Accordingly, this assignment of error is overruled.
 VI.
Appellant's sixth and seventh assignments of error states:
 PURSUANT TO R.C. § 2953.08 THE APPELLANT'S SENTENCE SHOULD BE REDUCED OR THE MATTER SHOULD BE REMANDED BECAUSE THE RECORD AS PRESENTLY CONSTITUTED CLEARLY AND CONVINCINGLY DOES NOT SUPPORT THE MAXIMUM SENTENCE ISSUED BY THE TRIAL COURT.
 THE TRIAL COURT'S FAILURE TO PLACE THE RELEVANT FACTS SUPPORTING THE APPELLANT'S MAXIMUM SENTENCE UPON THE RECORD DEPRIVED THE APPELLANT OF HIS RIGHT TO INDEPENDENT REVIEW BY THE COURT OF APPEALS UNDER R.C. § 2953.08.
An appellate court may only reverse a sentence if it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08 (G) (l) (a) (d). There was evidence that appellant sexually harassed and intimidated other patients at the mental institution. Appellant felt no remorse for the attempted rape of a nurse. Appellant had an extensive criminal record, and was a probation violator. His mental condition made him sexually uninhibited. When released from a mental institution, appellant would stop taking his medication, and consume illegal drugs. The evidence was sufficient to support the trial court's finding that appellant posed a greater likelihood of committing future crimes.
There was also evidence that appellant committed the worst form of the offense. The victim suffered serious psychological harm because of the offense. R.C. 2929.12 (B) (2). The offender's relationship as a patient in the mental institution facilitated his attack upon a nurse. R.C. 2929.12 (B) (6). Appellant purposely compelled the nurse to engage in sexual conduct by an act of violence. The record supports imposition of the maximum sentence.
Accordingly, these assignments of error are overruled.
The decision of the trial court is modified to strike certain language from the journal entry, as discussed above. Otherwise, the decision of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PORTER, A.J., AND SWEENEY. J., CONCUR.
 __________________________________ ANN DYKE JUDGE