OPINION
William J. Bruhn appeals from a judgment of the Montgomery County Court of Common Pleas which classified him as a sexual predator.
On October 22, 1998, Bruhn was indicted for thirty-six counts of corruption of a minor. The indictment alleged that Bruhn had engaged in sexual conduct with his girlfriend's thirteen-year-old daughter. The first twenty-one counts involved conduct that had allegedly occurred before July 1, 1996, the enactment date of Ohio's amended criminal code, and the remaining fifteen counts involved conduct that had allegedly occurred on or after that date. On December 15, 1998, pursuant to a plea agreement, Bruhn pled guilty to counts two, three, twenty-two, twenty-three, twenty-four, and twenty-five of the indictment. A sexual predator hearing took place on February 23, 1999, during which no live testimony was taken, but the parties stipulated to the forensic psychiatry evaluation and report of Dr. Susan Perry-Dyer. On February 25, 1999, the trial court sentenced Bruhn to eighteen months on count two, eighteen months on count three, twelve months on count twenty-two, twelve months on count twenty-three, twelve months on count twenty-four, and twelve months on count twenty-five, with the sentences for counts two and three to be served consecutively, counts twenty-two and twenty-three to be served concurrently and consecutively to counts two and three, and counts twenty-four and twenty-five to be served concurrently and consecutively to counts two, three, twenty-three, and twenty-four. In its entry, the trial court concluded, by clear and convincing evidence, that Bruhn is a sexual predator pursuant to R.C.2950.01(E). Bruhn now appeals the trial court's decision to classify him as a sexual predator.
Bruhn advances three assignments of error on appeal.
 I. OHIO'S SEXUAL PREDATOR REGISTRATION AND NOTIFICATION PROVISIONS ARE OVERBROAD AND RESULT IN UNWARRANTED PUBLICITY AND UNWARRANTED INTERFERENCE WITH APPELLANT'S RIGHT TO PRIVACY AS PROTECTED BY THE NINTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION I, ARTICLE I, OF THE OHIO CONSTITUTION. THE SEX OFFENDER REGISTRATION AND NOTIFICATION PROVISIONS ARE UNCONSTITUTIONAL BOTH ON THEIR FACE AND AS APPLIED TO APPELLANT BRUHN[.]
Bruhn argues that the registration and notification provisions of R.C. Chapter 2950 impermissibly interfere with his right to privacy and cites State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, in support of his argument. Although the language in his assignment of error implies that his argument will pertain to the Ninth and Fourteenth Amendments to the United States Constitution, his brief addresses only Section I, Article I of the Ohio Constitution.
Initially, we note that the Supreme Court of Ohio has allowed a discretionary appeal in Williams. State v. Williams (1999),86 Ohio St.3d 1406, 711 N.E.2d 233. The court has also ordered that the Williams decision "is stayed * * * as to its application to other sexually oriented offenders being sentenced or released from prison." State v. Williams (1999), 85 Ohio St.3d 1403,706 N.E.2d 786.
In State v. White (Nov. 5, 1999), Miami App. No. 98-CA-37, unreported, a case that was decided after Bruhn filed his brief, we declined to follow Williams and concluded that R.C. Chapter 2950 does not violate Section I, Article I of the Ohio Constitution. White, supra, at *4-9. Further, it appears that every other Ohio appellate court which has addressed this issue has disagreed with Williams. State v. Woodburn (Mar. 23, 1999), Columbiana App. No. 98 CO 6, unreported, at *7 (Seventh District);State v. Dickens (Aug. 2, 1999), Clermont App. No. CA98-09-075, unreported, at *1-7 (Twelfth District); State v. Marker (Sept. 1, 1999), Seneca App. No. 13-99-05, unreported, at *3 (Third District); State v. Lower (Sept. 9, 1999), Franklin App. No. 98AP-1275, unreported, at *7 (Tenth District); State v. Bolster
(Sept. 20, 1999), Stark App. No. 1998CA00136, unreported, at *4 (Fifth District); State v. Fischer (Nov. 24, 1999), Cuyahoga App. No. 75222, unreported, at *12 (Eighth District). Thus, Bruhn's argument is not persuasive.
Bruhn further argues that the registration and notification provisions of R.C. Chapter 2950 are unnecessarily broad. He claims that "the invasion of the fundamental right of privacy must be minimized by utilizing the narrowest means which can bedesigned to achieve the public purpose." (Emphasis sic.)
The Supreme Court of Ohio has determined that one of the purposes of R.C. Chapter 2950 is "protection of the public."State v. Cook (1998), 83 Ohio St.3d 404, 421, 700 N.E.2d 570,584, certiorari denied (1999), ___ U.S. ___, 119 S.Ct. 1122,143 L.E.2d 116. In examining whether the registration and notification requirements of R.C. Chapter 2950 are excessive in relation to the statute's purpose of protecting the public, the court concluded that the requirements "are narrowly tailored to comport with the respective danger and recidivism levels of the different classifications of sex offenders [and] * * * are likewise narrowly tailored to disseminate information only to those persons necessary in order to protect the public." Id. at 422,700 N.E.2d at 584-585. Because the supreme court has determined that these requirements are narrowly tailored, we cannot agree that they are overbroad.
The first assignment of error is overruled.
 II. OHIO'S SEXUAL PREDATOR LEGISLATION DENIES APPELLANT DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 16, OF THE OHIO CONSTITUTION[.]
Bruhn argues that R.C. 2950.09 should be declared void because 1) the statute's definition of sexual predator is vague, 2) the statute fails to set forth how the factors should be weighed by the trial court, and 3) the statute fails to establish which party has the burden of proof in a sexual predator determination.
We previously addressed these arguments in State v. Fortman
(Mar. 27, 1998), Montgomery App. Nos. 16565 and 16569, unreported, at *7-*8, affirmed (1998), 84 Ohio St.3d 14, 701 N.E.2d 690. In that case, we stated as follows:
 A statute that is "so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application" will be held unconstitutionally vague. Connelly v. General Construction Co. (1926), 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322. A vagueness challenge requires a court to determine whether the statute "(1) provides sufficient notice of its proscriptions and (2) contains reasonably clear guidelines to prevent official arbitrariness or discrimination in its enforcement." Perez v. Cleveland
(1997), 78 Ohio St.3d 376, 378, 678 N.E.2d 537. * * * The Perez court further explained:
 The void-for-vagueness doctrine does not require statutes to be drafted with scientific precision. Nor does the doctrine require that every detail regarding the procedural enforcement of a statute be contained therein. Instead, it permits a statute's certainty to be ascertained by application of commonly accepted tools of judicial construction, with courts indulging every reasonable interpretation in favor of finding the statute constitutional. (Citations omitted).
 Id. at 378-379, 678 N.E.2d 537.
 In our opinion, persons of ordinary intelligence can understand the definition of sexual predator set forth in R.C. 2950.01(E) and the R.C. 2950.09(B) (2) factors. Merely because a common dictionary definition of "predator" differs from the Revised Code definition of "sexual predator" does not render the statutory definition unconstitutionally vague. Furthermore, that the factors for determining whether to classify a person as a sexual predator are not weighted nor prioritized does not lead to ad hoc and subjective decision-making by trial courts. See Perez, 78 Ohio St.3d at 378, 678 N.E.2d 537. As the Bartis court pointed out, the state bears the burden of proving "by clear and convincing evidence" that the offender is a sexual predator, and the trial court cannot attach this label without having considered all the evidence produced at the hearing and making a determination based on the particular facts of each case. [State v. Bartis (Dec. 9, 1997), Franklin App. No. 97APA05-600, unreported, affirmed (1998), 84 Ohio St.3d 9, 701 N.E.2d 687]. * * *
 R.C. 2950.09(B) (2) provides the trial court with a comprehensible standard for determining whether a person is a sexual predator. Because persons of ordinary intelligence are not left to guess at the meaning of sexual predator, the statute is not unconstitutionally vague.
We continue to approve and follow Fortman. White, supra. Thus, Bruhn's arguments are not persuasive.
The second assignment of error is overruled.
 III. THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING APPELLANT TO BE A SEXUAL PREDATOR[.]
Bruhn argues that the trial court abused its discretion when it classified him as a sexual predator.
At the conclusion of the sexual predator hearing, the trial court stated:
 Having reviewed these matters and the statements of counsel, [and having] reviewed that forensic evaluation * * * [p]rimarily, as I see it, [Bruhn] may have some alcohol issues, he may have some personality issues, he may have some passive-aggressive issues, but also he engaged in a course of conduct over a long period of time for his satisfaction and benefit, * * * with someone of tender years. * * * Based upon that, [Bruhn] is found to be a sexual predator * * *.
Bruhn argues that the trial court's finding that he acted "for his satisfaction and benefit" is immaterial to the determination of whether he is a sexual predator. R.C.2950.09(B) (2) provides that the trial court "shall consider all relevant factors" when making its decision. The trial court's finding that Bruhn acted for his own "satisfaction and benefit" was certainly relevant to its determination of whether Bruhn should be classified as a sexual predator. Thus, the trial court was not precluded from considering such evidence.
Bruhn further argues that "the [c]ourt placed unwarranted emphasis on a single factor in order to find him to be a `sexual predator.'" Although Bruhn does not specifically indicate which "single factor" the trial court emphasized, we presume he is referring to the trial court's finding that he acted for his own "satisfaction and benefit[.]"
In White, we concluded that the mandated consideration of the list of factors in R.C. 2950.09(B) (2) was unconstitutional.White, supra, at *12. Thus, the trial court was not required to consider every factor on the list, but was only required to find Bruhn to be a sexual predator "by clear and convincing evidence." R.C. 2950.09(B) (3).
After reviewing the record, including the forensic evaluation, we conclude that there was clear and convincing evidence to support the trial court's determination that Bruhn is a sexual predator.
The third assignment of error is overruled.
The judgment of the trial court will be affirmed.
GRADY, P.J. and FAIN, J., concur.
Copies mailed to:
Jeff R. Myers
Alan D. Gabel
HON. JOHN P. PETZOLD