OPINION
The present appeal emanates from the decision of the Carroll County Court of Common Pleas wherein Richard Bugh ("appellant") was adjudicated a sexual predator. For the reasons set forth below, the decision of the trial court is affirmed.
 I. FACTS
On May 1, 1989, a secret indictment was handed down by the Carroll County Grand Jury charging appellant with one count of rape in violation of R.C. 2907.02(A)(1)(b), an aggravated felony of the first degree. The charge stemmed from an investigation into allegations that appellant had engaged in sexual conduct with his four year old daughter during January 1989. In that a plea agreement was never reached, the matter proceeded to a jury trial in November of 1989. On November 28, 1989 the jury returned a guilty verdict on one count of rape. The trial court subsequently sentenced appellant to a ten to twenty-five year term of incarceration. Although appellant attempted to challenge his conviction on appeal, this court affirmed the trial court's decision in all aspects.
While appellant continued to serve out his sentence, the Ohio Department of Rehabilitation and Correction forwarded a sexual predator screening instrument to the Carroll County Common Pleas Court in addition to its suggestion that appellant be adjudicated a sexual predator. Based upon this information, the prosecutor moved for the court to hold a sexual predator determination hearing. Said hearing was ultimately held before the common pleas court on April 2, 1999.
At the hearing, the state provided testimony from an individual who had served as the Chief of Police of Minerva at the time of the January 1989 offense and who subsequently became an investigator for the Carroll County Prosecutor's Office. This individual related to the court his involvement with the investigation of the rape of appellant's four year old daughter. Additionally, he advised the court that appellant had previously pled guilty in Texas in 1974 of sodomy which involved appellant's six month old son. As a result of this prior offense, appellant had been sentenced to a six year term of imprisonment. The state also admitted numerous exhibits into evidence for the court's review which included such items as certified copies of the voluntary statement, indictment, judgment and sentence from the Wichita County Court in Texas; the police report and investigatory materials from the police department in Texas regarding the first offense; the Minerva police report for the second offense; the transcript of an interview with appellant's four year old daughter; and a medical report regarding the physical findings related to appellant's daughter. In addition to these materials, the trial court had before it the transcript from the original trial involving the rape conviction. In defense of his position, appellant provided a brief statement to the court in which he indicated he should not be adjudicated a sexual predator. It should be noted that the trial court actively participated in the questioning c)f the witnesses in order to solicit information pertinent to the ultimate determination. At the conclusion of the hearing, the trial court indicated that it would take the matter under advisement as it wanted to review all relevant materials.
In its April 5, 1999 judgment entry, the court determined that it had been presented with adequate evidence supporting a finding that appellant be adjudicated a sexual predator. Appellant filed a timely notice of appeal on April 15, 1999 in which he alleges five assignments of error. In that assignments of error numbers one, two, three and five all deal with constitutional issues previously addressed by this court, these assignments will be dealt with prior to disposing of appellants fourth assignment.
 II. ASSIGNMENT OF ERROR NUMBER ONE
Appellant's first assignment of error reads:
 "THE TRIAL COURT ERRED AND COMMITTED PLAIN ERROR IN ADJUDICATING APPELLANT AS A SEXUAL PREDATOR PURSUANT TO REVISED CODE SECTION 2950 ET SEQ., FOR THE REASON THAT NO STANDARD IS ESTABLISHED FOR APPLYING THE FACTORS IN R.C. 2950.09(D)(2) (sic), THEREBY RENDERING THE LAW VAGUE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT OF THE U.S. CONSTITUTION."
Appellant's first constitutional attack upon R.C. Chapter 2950 alleges that the statute is unconstitutionally vague as it does not provide a standard to guide trial courts in the application of the factors itemized under R.C. 2950.09 (B) (2). However, this court has previously ruled upon the issue of vagueness in our decision in State v. Woodburn (Mar. 23, 1999), Columbiana App. No. 98 CO 6, unreported. In Woodburn we held that the statute does set forth numerous factors which a trial court must consider in its classification of a defendant. Id. at 10. Moreover, we determined that "[s]aid factors clearly provide guidance and minimum standards which must be followed by the trial court during its proceedings." Id. As such it has been held that a constitutional challenge of vagueness must fail.
Additional support is gained for this position by analyzing recent decisions issued by both the Third and First District Courts of Appeals. In State v. Avery (1998), 126 Ohio App.3d 36, the Third District similarly overruled a constitutional attack of R.C. Chapter 2950 on vagueness grounds. In its decision the court acknowledged the fact that scientific precision is not required of statutory wording. Id. at 54 citing Perez v. Cleveland (1997),78 Ohio St.3d 376, 378. Furthermore, in light of the fact that each sexual predator determination is fact specific, the legislature had to provide a statutory framework which permitted courts some discretion in applying the factors to each individual case. Id. In that the discretion afforded courts is not viewed as unbridled, the court concluded that a vagueness challenge could not succeed. Id. The First District made a comparable decision when it held that "the factors set forth in R.C. 2950.09 (B) are not facially vague and do not permit a `standardless sweep' allowing a court to pursue its own `personal predilections'."State v. Lee (1998), 128 Ohio App.3d 710, 716.
Based upon this authority, appellant's first assignment of error lacks merit.
 III. ASSIGNMENT OF ERROR NUMBER TWO
Appellant's second assignment of error reads:
 "THE TRIAL COURT ERRED IN FINDING APPELLANT A SEXUAL PREDATOR FOR THE REASON THAT REVISED CODE 2950, AMENDED BY HOUSE BILL 180 IS AN UNCONSTITUTIONAL EX POST FACTO LAW IN THAT APPELLANT'S CRIMES WERE COMMITTED PRIOR TO THE AMENDMENT OF TITLE 2950."
Under this assignment of error, appellant acknowledges the fact that the Ohio Supreme Court previously held "R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Ex Post Facto Clause of Section 10, Article I of the U.S. Constitution." State v. Cook (1998),83 Ohio St.3d 404, paragraph two of the syllabus. However, appellant insists that he will suffer "penalties" which had not been considered by the court in Cook. Appellant contends that it could not have been contemplated that an individual would be forced to comply with the onerous registration requirements as the result of a sexually oriented offense committed approximately twenty-five years ago. Additionally, appellant asserts that once adjudicated a sexual predator his chances of obtaining parole will be dramatically reduced.
The simple fact of the matter however is that both the Ohio Supreme Court, as well as this court, have concluded that R.C. Chapter 2950 does not violate the Ex Post Facto Clause of the U.S. Constitution. See Cook; Woodburn; State v. Goodballet (Mar. 30, 1999), Columbiana App. No. 98 CO 15, unreported; and State v.Clay (June 1, 1999), Columbiana App. No. 97 CO 58, unreported. It is irrelevant how far in the past any one of appellant's convictions occurred. If the statute is not violative of the ExPost Facto Clause for an individual who was convicted in 1994, it similarly cannot be held to be unconstitutional for a conviction which occurred in 1974. Furthermore, appellant's contention that a sexual predator determination will lessen the likelihood of parole is speculative at best. Neither appellant nor this court is in any position to assume what a parole board will do when presented with appellant's case. Moreover, it cannot be held that appellant suffered a penalty if he were denied parole as such is not an entitlement. Therefore, appellant's second assignment of error is also overruled.
 IV. ASSIGNMENT OF ERROR NUMBER THREE
Appellant's third assignment of error reads:
 "THE TRIAL COURT COMMITTED PLAIN ERROR IN NOT STRIKING DOWN AN UNCONSTITUTIONAL REVISED CODE TITLE 2950 AS AMENDED BY HOUSE BILL 180 IN THAT, FINDING APPELLANT TO BE A SEXUAL PREDATOR VIOLATED HIS CONSTITUTIONAL RIGHTS AS GUARANTEED BY ARTICLE I, SECTION 1 OF THE OHIO CONSTITUTION."
Appellant next relies upon State v. Williams (Jan. 29, 1999), Lake App. No. 97 L 191, unreported for the proposition that R.C. Chapter 2950 is unconstitutional on the grounds that it violates Article I, Section 1 of the Ohio Constitution which states:
 "All men are, by nature, free and independent, and have certain inalienable rights, among which are those of enjoying and defending life and liberty, acquiring, possessing, and protecting property, and seeking and obtaining happiness and safety."
In relying upon the Eleventh District's case, appellant argues that R.C. Chapter 2950 infringes upon appellant's rights as guaranteed by Article I, Section 1 of the Ohio Constitution to such a degree as to render the statute unconstitutional.
This position must also fail for a number of reasons. This court has previously announced in Woodburn, supra that we respectfully disagree with the opinion espoused in Williams as the statute is not believed to interfere with the rights of individuals nor is it unduly oppressive. Woodburn at 11. The Eleventh District's opinion was similarly rejected by the Twelfth District Court of Appeals in State v. Baker (Aug. 23, 1999), Clermont App. No. CA98 11 108, unreported. In that decision, the court held that "the statute bears a real and substantial relation to the public: health, safety, morals, and general welfare, and that the statute is neither unreasonable nor arbitrary." Id. at 17.
Finally, even if this court were to agree with the reasoning set forth in Williams, we would be precluded from relying upon it based upon statements made by the Ohio Supreme Court in its "Motion Tables." Upon accepting a discretionary appeal from the decision in Williams, supra the Ohio Supreme Court granted a motion for stay as related to the Eleventh District Court of Appeals' decision. In granting this motion the court specifically stated that "the judgment of the court of appeals is stayed both as to this case and as to its application to other sexually oriented offenders * * *." State v. Williams (1999), 85 Ohio St.3d 1403. Therefore, the reasoning as set forth by the Eleventh District cannot be applied to the case at bar.
Appellant's third assignment of error is overruled.
 V. ASSIGNMENT OF ERROR NUMBER FIVE
Appellant's fifth assignment of error reads:
 "THE TRIAL COURT ERRED IN FINDING THE APPELLANT A SEXUAL PREDATOR FOR THE REASON THAT AMENDED TITLE 2950, AS AMENDED PUNISHES THE APPELLANT A SECOND TIME FOR THE COMMISSION OF THE CRIME, IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSE OF THE UNITED STATES CONSTITUTION (FIFTH AND FOURTEENTH AMENDMENTS)."
In appellant's final constitutional attack upon R.C. Chapter 2950, appellant asserts that by adjudicating him a sexual predator and requiring him to register for the rest of his life the courts have essentially levied a second punishment over and above the original sentence imposed. While appellant acknowledges that the Ohio Supreme Court held in Cook, supra that the registration requirements and labeling do not constitute a separate punishment, appellant still feels compelled to make the unsupported allegation that such requirements can in fact be equated to a second punishment.
As with appellant's prior constitutional challenges, this court has previously overruled identical arguments in Woodburn,Goodballet and Clay, supra. Specifically, in Woodburn this court provided a detailed analysis of the statute in light of the concept of Double Jeopardy and the Ohio Supreme Court's decision in Cook. Having previously determined that R.C. Chapter 2950 serves solely remedial rather than punitive purposes, this court is unwilling to revisit the issue and alter its prior decision.
Appellant's fifth assignment of error lacks merit.
 VI. ASSIGNMENT OF ERROR NUMBER FOUR
Appellant's fourth assignment of error reads:
 "THE TRIAL COURT ERRED THEREBY PREJUDICING THE APPELLANT IN FINDING THAT THE STATE HAD PROVEN BY CLEAR AND CONVINCING EVIDENCE THAT HE WAS A SEXUAL PREDATOR PURSUANT TO REVISED CODE 2950."
In appellant's final assignment of error it is argued that the state failed to meet its burden of proof so as to permit the trial court to adjudicate appellant a sexual predator. Appellant asserts that the court in no way justified its decision. It is appellant's belief that all that was proven to the court was that he had committed a sexually oriented offense against a child. Based upon this finding, appellant contends that the court automatically adjudicated him a sexual predator without considering whether he was likely to reoffend in the future. Such a lack of support is viewed by appellant as falling short of the standard of proof required by statute.
 A. APPLICABLE LAW
R.C. 2950.09 provides that a person who is convicted of or pleads guilty to a sexually oriented offense may be classified as a sexual predator in accordance with division (B) or (C) of said section. A sexual predator is defined pursuant to R.C. 2950.01
(E) as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." In order to properly adjudicate a defendant as a sexual predator, a trial court must follow certain statutorily prescribed procedures. R.C.2950.09 (B) (1) and (C) (2) provide that any potential candidate for sexual predator adjudication be afforded notice and a hearing on the matter and be provided the opportunity to testify, present evidence, call witnesses and cross-examine opposing witnesses. The trial court is required to review the evidence presented to it and consider all relevant factors as related to the defendant's sexual predator status including but not limited to those factors set forth in R.C. 2950.09 (B) (2) as follows:
"(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct."
After the trial court has received the evidence and testimony at the hearing and has reviewed and considered the factors specified in R.C. 2950.09 (B) (2), it must determine whether it has been presented with clear and convincing evidence that the offender does in fact qualify as a sexual predator. R.C. 2950.09
(C) (2). Specifically, the court must decide whether, based upon the evidence and testimony presented, the offender is likely to engage in one or more sexually oriented offenses in the future. Clear and convincing evidence has been defined as that measure of proof which is more than a mere preponderance of the evidence but less than the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which would provide in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Cincinnati Bar Assn. v.Massengale (1991), 58 Ohio St.3d 121, 122.
"Where the proof required must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." In re Mental Illness of Thomas
(1996), 108 Ohio App.3d 697, 700 quoting State v. Schiebel
(1990), 55 Ohio St.3d 71, 74. In reviewing the record however, an appellate court must avoid substituting its judgment for that of the trial court where there exists competent, credible evidence supporting the trial court's determination. Id.
 B. ANALYSIS
In the present case, appellant argues that the trial court improperly adjudicated him a sexual predator on the sole basis that he had committed a sexually oriented offense against a minor. Appellant attempts to bolster his argument by referencing the following statement made by the trial court during the sexual predator determination hearing:
 "Uh, I'm not required under Cook to necessarily list the criteria involved other than I'm required to consider the statutory factors at 2950.09 (B) (2) and all the other relevant facts and circumstances. Uh, there is case law to the effect that, Appellate Court case law to the effect out there that one conviction, and it can be the instant conviction, is sufficient. One factor, and it may be nothing more than the age of the victim, is sufficient." (Tr. at 23).
A review of relevant case law in this district fails to establish that this court has ever taken the position that one sexually oriented offense plus one statutory factor inevitably leads to the determination that an individual is a sexual predator. While a court by no means needs to find that all statutory factors are present, or for that matter that a majority of the factors exist, it cannot be held that the existence of a single factor necessarily leads to the adjudication of an individual as a sexual predator. Due to the fact that each sexual predator determination is fact specific, a court must look to the circumstances present in each individual case to determine whether the defendant is likely to reoffend. There are no automatic adjudications with the exception of the instance whereby a person is convicted of a sexually violent predator specification as provided for in R.C. 2950.09 (A).
Despite the trial court's comments however, it is well-settled that a trial court speaks only through its judgment entry. A review of the trial court's judgment entry in this matter reveals that the trial court relied upon much more than just the victim's age. The trial court recognized that pursuant to R.C. 2950.01 (D) (1), appellant had committed a sexual offense as he had been convicted of rape in violation of R.C. 2907.02 (A) (1) (b). In addressing the factors set forth under R.C. 2950.09 (B) (2), the court determined that at the time of the rape offense appellant was 37 years of age. R.C. 2950.09 (B) (2) (a). Although the victim of the rape was actually still four years of age, the trial court clearly considered her age when it mistakenly noted that she was five years old at the time of the offense. R.C.2950.09 (B) (2) (c) The trial court then made reference to the fact that appellant's 1989 conviction was not the only sexually oriented offense which appellant had committed. It was discovered that appellant had pleaded guilty to the sodomy of his six month
old son in 1974 while residing in Texas. As a result of this guilty plea, appellant was sentenced to a six year term of incarceration. The existence of this conviction at the very least relates to the factors set forth in R.C. 2950.09 (B) (2) (a), (b), (c) and (h) in that it was a prior criminal conviction for a sexual offense involving a minor child. Arguably, the existence of multiple sexual offenses could trigger R.C. 2950.09 (B) (2) (d) as multiple victims were involved in appellant's course of conduct.
The trial court next addresses appellant's admitted failure to participate in any program for the treatment of adult sex offenders. R.C. 2950.09 (B) (2) (f). The court specifically questioned appellant during the hearing as to whether he received any type of treatment or therapy either while in prison or during the period of time he had been released. Appellant responded that after his release from prison in Texas he did not seek treatment. This failure to seek help is particularly bothersome in that appellant admitted he had a problem and needed help when he entered a plea regarding the 1974 sodomy charge. Furthermore, appellant indicated he did not seek treatment during his most recent prison term as a pre-requisite to the programs was admitting his guilt. Appellant maintained that he had not raped his four year old daughter so he was denied the ability to participate in any prison program.
While not specifically referenced by the trial court in its entry, it could be argued that the state provided sufficient evidence to establish the statutory factor listed in R.C. 2950.09
(B) (2) (i) as well. Exhibits submitted by the state during the sexual predator determination hearing establish that as a result of the 1974 sexual offense, appellant's six month old son had to undergo emergency surgery due to tears in the intestine and/or stomach. It was further noted in the medical documentation that the infant was in very critical condition as a result of the sexual assault and may not survive the surgical procedure. This court cannot fathom a more cruel act than sodomizing one's own six month old son thereby causing life-threatening injury.
Based upon all of these factors, the court could properly determine that it was presented clear and convincing evidence that appellant was likely to reoffend in the future. As the trial court noted, appellant has already been convicted of two extremely serious sexually oriented offenses both of which involved his own children. The court clearly indicated in its entry that it had "reviewed the original trial materials from 1989; the victim statements; the hearing exhibits, and argument of counsel in conjunction with the factors set forth in R.C.2950.09 (B) (2) and all other `relevant factors'." (04/05/99 J.E. at 2). The state presented numerous exhibits in addition to witness testimony in order to meet its burden of proof as provided by statute. Moreover, the trial court properly considered all factors present in R.C. 2950.09 (B) (2) and found that it had been presented with evidence of an overwhelming majority of said factors. All that was provided to controvert the state's position was appellant's self-serving statement that in his opinion he would not be a menace to society upon release from incarceration. As such, this court is not in a position to substitute its judgment for that of the trial court in light of the thorough and overwhelming presentation made by the state.Schiebel, supra. In its prior considerations of sexual predator determinations, this court has never viewed an effort of such magnitude put forth by the state in an attempt to fulfill its burden of proof.
Accordingly, appellant's fourth assignment of error is overruled.
For the foregoing reasons, the decision of the trial court is affirmed.
Cox, P. J., concurs.
Donofrio, J., concurs.
APPROVED:
 ________________________________ JOSEPH J. VUKOVICH, JUDGE